UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCELLA L BENNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01820-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel on November 10, 2015, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that Plaintiff's brief in support of appeal [Filing No. 15] be denied and that the Commissioner's decision be affirmed.

Plaintiff Marcella Benning asserts two issues on appeal. First, whether the Administrative Law Judge erred by failing to address Benning's shoulder impairment. Second, whether the ALJ erred relative to the vocational expert testimony by failing to pose a hypothetical question to the VE or by failing to include Benning's shoulder impairment and need for a cane.

By way of background, on July 14, 2011, Benning filed applications for disability insurance benefits and supplemental security income alleging a disability start date of November 1, 2010. Benning's applications were denied initially and upon reconsideration. An ALJ held a hearing May 8, 2013, and in a decision issued June 19, 2013, the ALJ concluded that Benning was disabled for purposes of Supplemental Security Income but not disabled for purposes of Disability Insurance Benefits. Relative to the denial of DIB, the ALJ found at step

one that Benning had not engaged in substantial gainful activity; at step two, that Benning's bilateral knee impairments were severe; and at step three that Benning's impairments did not meet or equal a relevant listing. At step four, the ALJ found Benning capable of performing her past relevant work prior to October 24, 2012, and sedentary work from that date on. [R. at 18.] A VE testified at the hearing that Benning was not capable of performing past relevant work as a thrift store sorter/pricer, given the restriction of sedentary work.

At step five, the ALJ found there are no jobs that exist in significant numbers in the national economy and that Benning can perform unrestricted to sedentary work. However, because the date last insured was December 31, 2011, and the ALJ found Benning was able to perform past relevant work until October 24, 2012, he concluded she was not eligible for DIB. [R. at 19.] The Appeals Council denied Benning's request for review, making the ALJ's decision final. This appeal followed.

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The ALJ need not mention every piece of evidence so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

The Court first addresses whether the ALJ failed to consider Benning's shoulder impairment such that remand is required. The fundamental problem with Benning's claim is that the ALJ found her DIB claim was doomed because she became disabled ten months after her insured status expired. The only argument she makes addressing this fundamental problem is that the ALJ failed to consider her shoulder impairment. The ALJ's opinion made no reference to Benning's shoulder impairment aside from "shoulders were normal," which Benning argues is reversible error. [R. at 17.]

Benning must establish that she was disabled before the expiration of her insured status to be eligible for DIB. 42 U.S.C. § 423(a)(1)(A); 20 CFR § 404.320(b)(2); *Shideler v. Astrue*,

688 F.3d 306, 311 (7th Cir. 2012). The duration requirement for DIB is that an impairment must last or be expected to last for a continuous period of at least 12 months. 20 CFR § 404.1509. Thus, to prevail on this argument, Benning must show that her shoulder impairment was both severe before December 31, 2011, and that it lasted 12 months or more. She has shown neither. Benning relies on four pages of the record during a two-month period before the date last insured in an effort to establish that her shoulder impairment was severe.

An August 26, 2011, exam reports that Benning had "rotator cuff syndrome" and it was suggested that she receive shoulder injections and was scheduled for an x-ray. [R. at 245.] The x-ray was performed on August 31, and the radiology reports state that Benning had mild/moderate degenerative changes in her shoulder but that her joint space was grossly intact. [R. at 246.] Benning was seen again on September 11, 2011, when her shoulder was described as tender with a limited range of motion. [R. at 250.] The physician noted "right shoulder pain with bicep tendonitis and suspicious for a rotator cuff tear" and referred her to physical therapy. [R. at 250.] In addition, Benning points to the consultative examiner's report from a few days earlier on September 3, 2011, noting that Benning's shoulders were limited in extension and rotation, particularly on the right but otherwise normal. [R. at 216.]

The Commissioner argues there are two critical weaknesses in Benning's assertion. First, Benning did not mention her shoulder impairment at the hearing. Second, Benning does not point to any evidence that she had received treatment for her shoulder after September 2011. As the Commissioner correctly points out, while Benning may have experienced a limited range of motion in her right shoulder for two months in 2011, the record does not support Benning's assertion that it was a severe and ongoing problem. The records Benning cites to do not discuss her shoulder impairment as severe in any way. More important, Benning's testimony at the hearing completely omits her shoulder as an impairment that prevents her from working. [R. at 29 -30.]

While the ALJ admittedly made only cursory reference to Benning's shoulder, this is hardly surprising since Benning herself failed to identify it as an impairment, as Plaintiff's counsel admitted at oral argument. Moreover, the evidence regarding Benning's shoulder shows only that her shoulder impairment lasted for approximately two months. As noted, x-rays of the shoulder showed only mild to moderate degeneration. There is nothing in the record that shows she received any MRI of her shoulder or anything that would suggest any fracture. Benning didn't receive any shoulder injections, no shoulder surgery, and had only some physical therapy for the shoulder. Thus, the record does not support Benning's assertion that her shoulder impairment was severe and lasted at least 12 months. Accordingly, remand on this issue is not appropriate.

Benning next argues that the ALJ erred by failing to pose a hypothetical to the VE and that the ALJ erred by failing to mention all her limitations to the VE. Benning is correct that the ALJ never posed a hypothetical to the VE. Instead, his questions to the vocational expert focused on whether Benning's past work skills were transferable to sedentary work. [R. at 42 - 45.] While an ALJ's hypothetical questions to the VE must provide a complete picture of the claimant's RFC, "there is nothing in the regulations that requires the ALJ to pose a hypothetical to the expert." *Schneeberg v. Astrue*, 669 F. Supp. 2d 946, 959 (W.D. Wis. 2009). Particularly here where the ALJ found that Benning cannot work at step four, the VE's testimony regarding a hypothetical person who similarly cannot work would be superfluous at best. Under these circumstances it cannot be said that the ALJ committed reversible error by failing to pose a hypothetical question to the VE.

Benning also asserts that the VE should have been made aware of her shoulder impairment and use of a cane in the RFC. However, as previously discussed, Benning's shoulder impairment was not so severe as to be included in the RFC. As for Benning's use of a cane, it should have been included in the RFC, but the ALJ makes no mention of it. Benning testified

4

that she used a cane to walk and did so prior to being prescribed one on January 12, 2012. [R. 30, 84.] In this case, Benning actually brought the cane with her to the hearing and testified, at least in part, regarding her use of the cane. So although the ALJ made no mention of Benning's use of a cane, the ALJ was aware of it. Thus, this is not a case where the ALJ missed something in the record, as he was undoubtedly aware of her use of the cane. The Commissioner defends the ALJ's omission of this fact as a result of the ALJ weighing conflicting evidence by pointing to two reports where Benning's gait was described as normal. [R. 216, 222.] While true, these two observations were made in August 2011 prior to Benning's cane prescription. Thus, it was error for the ALJ to simply ignore the evidence in the record demonstrating Benning's need for a cane.

However, this error does not affect the outcome of Benning's appeal because she has not shown that she was under a disability before her date last insured. That is, her insured status expired on December 31, 2011, before her knee impairment was severe. The ALJ didn't even limit Plaintiff to sedentary work until October 24, 2012. Furthermore, even though Plaintiff received a prescription for a cane in January of 2012, in prescribing the cane the doctor stated, "I also provided her with a prescription for a cane as she feels as though she needs an assistive device while ambulating." [R. 255.] This statement is not an objective assessment of Plaintiff's ability to walk. Therefore, remand is not appropriate on this issue.

For all of these reasons, the Magistrate Judge recommends that Plaintiff's brief in support of appeal [Filing No. 15] be denied and that the Commissioner's decision be affirmed. I will ask the court reporter to transcribe that portion of this transcript that reflects this recommended decision. Any appeal of this decision must be made within 14 days from the date that the transcript is docketed. Thank you.

Date: 12/8/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Ashley D. Marks
HANKEY LAW OFFICE
adm@hankeylaw.com

Meredith D. Schacht
SOCIAL SECURITY ADMINISTRATION
meredith.schacht@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov